# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Chad A. LIBECAP
### Boatswain's Mate Second Class (E-5), U.S. Coast Guard

## CGCMS 24214

## Docket No.  1154

## 15 August 2003

Special Court-Martial convened by Commander, Coast Guard Group New Orleans.  Sentence Rehearing at New Orleans, Louisiana, on 10 December 2002.

| | |
|---|---|
| Military Judge: | CDR Bradley Mozee, USCG |
| Trial Counsel: | LT Ronald K. Schuster, USCG |
| Assistant Trial Counsel: | LCDR David L. Nichols, USCG |
| Defense Counsel: | LT Brian T. Maye, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL NINE
## BAUM, PALMER, & McCLELLAND
### Appellate Military Judges

Per Curiam:

On 30 August 2002, this Court affirmed the findings of guilty in this case, but set aside that portion of the Convening Authority's action relating to the sentence, due to an improper provision in the pretrial agreement requiring Appellant to request a bad conduct discharge (BCD).  *United States v. Libecap*, 57 M.J. 611, 618 (C.G. Ct. Crim. App. 2002).  The record was returned to the Convening Authority who was authorized to disapprove the adjudged sentence of a BCD, confinement for six months, forfeiture of $1,134.00 pay per month for six months, and reduction to E-1, and order a sentence rehearing, or he could approve either the sentence previously approved, minus the BCD, or a lesser sentence without the BCD.  The Convening Authority chose to disapprove the sentence and order a sentence rehearing.  Consistent with our decision, the original pretrial agreement remained in effect absent the improper provision.  At the rehearing before a judge alone, the military judge imposed a BCD, confinement for 125 days, and reduction to E-1.  The Convening Authority approved only so much of the sentence as provides for a BCD, confinement for 100 days, and reduction to E-1, with credit given for 100

days confinement previously served following the original sentence. The Convening Authority also expressly waived, in favor of Appellant's dependent, any forfeitures arising by operation of Article 58b, UCMJ. Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,



J. H. Baum
Chief Judge